**PET**
GREGORY M. SCHULMAN, ESQ.
Nevada Bar No. 5766
THORNDAL ARMSTRONG DELK
 BALKENBUSH & EISINGER
1100 E. Bridger Avenue
Las Vegas, NV 89101
 Mail To:
 P.O. Box 2070
 Las Vegas, NV 89125-2070
Tel.:  (702) 366-0622
Fax:  (702) 366-0327
E-Mail:  gms@thorndal.com

Attorneys for Defendant
HANFORD COMMODITIES
TRANSPORT, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN LOUGEE, individually, | Case No.: |
| Plaintiff, | **DEFENDANT'S PETITION FOR REMOVAL** |
| vs. | |
| JESUS PINON, individually; HANFORD COMMODITIES TRANSPORT, INC. d/b/a HTC, INC.; and DOES 1 to 100, ROE CORPORATIONS 1 to 100, inclusive, | |
| Defendants. | |

    1.      The above-entitled action was commenced against the defendants on December 23, 2020, in the Eighth Judicial District Court for Clark County, Nevada, and is now pending in such Court as Case No. A-20-826918-C. *See* Complaint, attached hereto as **Exhibit A**.

    2.      Petitioner HANFORD COMMODITIES TRANSPORT, INC. was served with the Summons and Complaint on December 28, 2020, making the instant Petition timely.

3.      Petitioner HANFORD COMMODITIES TRANSPORT, INC. is the defendant in the above-entitled action brought by plaintiff.

4.      JESUS PINON is a resident of California.

5.      Petitioner HANFORD COMMODIEIS TRANSPORT, INC. is a California corporation with its principal place of business in California.

6.      Plaintiff is a resident of Clark County, Nevada.

7.      The above action is an action for damages wherein the amount in controversy exceeds the sum of $75,000.  In support of this allegation, Petitioner HANFORD COMMODIEIS TRANSPORT, INC. provides plaintiff's pre-litigation demand in which the alleged medical specials resulting from the accident on which plaintiff's claims are based exceed $75,000.  **Exhibit B**.

8.      There is diversity of citizenships between the plaintiff and defendants and this Court has jurisdiction over the above entitled action pursuant to 28 USC §1332 and 28 USC §1441.

WHEREFORE, Petitioner HANFORD COMMODITIES TRANSPORT, INC. requests that the above entitled action be removed from the Eighth Judicial District Court, Clark County, Nevada to this Court.

DATED this 19th day of January, 2021.

THORNDAL ARMSTRONG DELK
BALKENBUSH & EISINGER

Gregory M. Schulman, Esq.
Nevada Bar No. 5766
1100 E. Bridger Avenue
Las Vegas, NV 89101

Attorneys for Defendant
HANFORD COMMODITIES
TRANSPORT, INC.

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of the law firm of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER, A Professional Corporation, and that on this 19th day of January, 2021, a copy of **DEFENDANTS' PETITION FOR REMOVAL** was made upon each of the parties noted by causing a copy of the same through the United States District Court for the District of Nevada's ECF system and in the United States Mail, postage prepaid, addressed to:

| NAME | TEL., FAX., and EMAIL | PARTY REPRESENTING |
|---|---|---|
| Farhan R. Naqvi, Esq.<br>Paul G. Albright, Esq.<br>NAQVI INJURY LAW<br>9500 W. Flamingo Road, Suite 104<br>Las Vegas, NV 89147 | T:  (702) 553-1000<br>F:  (702) 553-1002<br><br>E-Mail:  naqvi@naqvilaw.com<br>E-Mail:  paul@naqvilaw.com | Plaintiff<br>Brian Lougee |

*Bonnie Hastings*

An Employee of Thorndal Armstrong Delk Balkenbush & Eisinger

-3-

EXHIBIT A

Electronically Filed
12/23/2020 1:18 PM
Steven D. Grierson
CLERK OF THE COURT

1   COMP
2   FARHAN R. NAQVI
    Nevada Bar No. 8589
3   PAUL G. ALBRIGHT
    Nevada Bar No. 14159
4   NAQVI INJURY LAW
    9500 W. Flamingo Road, Suite 104
5   Las Vegas, Nevada 89147
    Telephone: (702) 553-1000
6   Facsimile: (702) 553-1002
7   naqvi@naqvilaw.com
    paul@naqvilaw.com
8   *Attorneys for Plaintiff*

CASE NO: A-20-826918-C
Department 30



9                        **DISTRICT COURT**

10                  **CLARK COUNTY, NEVADA**

11   BRIAN LOUGEE, individually,                Case No.:
                                                Dept. No.:
12              Plaintiff,

13   vs.                                        **COMPLAINT**

14   JESUS PINON, individually; HANFORD
     COMMODITIES TRANSPORT, INC. d/b/a
15   HTC, INC.; and DOES 1 to 100, ROE
     CORPORATIONS 1 to 100, inclusive,
16

17              Defendants.

18

19        Plaintiff BRIAN LOUGEE, by and through his attorneys of record, FARHAN R.

20   NAQVI and PAUL G. ALBRIGHT of NAQVI INJURY LAW, complains against Defendants

21   JESUS PINON, HANFORD COMMODITIES TRANSPORT, INC. d/b/a HTC, INC., DOES 1

22   to 100 and ROE CORPORATIONS 1 to 100 (the foregoing are hereinafter collectively referred

23   to as "Defendants") as follows:

24

25                  **PARTIES AND JURISDICTION**

26   1.   That Plaintiff BRIAN LOUGEE (hereinafter "Plaintiff") is and, at all times mentioned

27        herein, was a resident of the Clark County, Nevada.

28

2.  That Defendant JESUS PINON (hereinafter referred to as "Defendant PINON"), upon information and belief, is and, at all times mentioned herein, was a resident of California.

3.  That Defendant HANFORD COMMODITIES TRANSPORT, INC. d/b/a HTC, INC. (hereinafter referred to as "Defendant HANFORD"), upon information and belief, is and, at all times mentioned herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

4.  That the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 inclusive are unknown to Plaintiff who therefore sues said defendants by such fictitious names.  The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiff.  Plaintiff is informed and believes and thereupon alleges that each of the defendants designated herein as a DOE and ROE was and is negligent or, in some other actionable manner, is otherwise responsible for the events and happenings hereinafter referred to and thereby negligently or, in some other actionable manner, legally and proximately caused or is somehow otherwise liable for the hereinafter described injuries and damages to Plaintiff.  Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the fictitiously named defendants' true names and capacities after the same have been ascertained.  The legal responsibility of said Defendants DOES 1 through 100 and ROE CORPORATIONS 1 through 100 arises out of, but is not limited to, their status as operators, owners, maintainers, controllers, inspectors, leasors, lessees, and/or entrustors of the truck and/or trailer that Defendant PINON was operating at the time of the subject collision, their agency, representative, master/servant, employer/employee or joint venture relationship with the

responsible parties, including any other entities who are also responsible for the events and claims asserted herein such as parent and subsidiary companies affiliated with the named or otherwise responsible entities, or their involvement as contractors, subcontractors, and/or partners, and/or that they are somehow otherwise liable for the subject collision and/or Plaintiff's resulting damages. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said defendants and, when the same have been ascertained, to join such defendants in this action together with the proper charging allegations.

5. That at all times pertinent, Defendants were agents, servants, employees, employers, partners, representatives or joint venturers of every other defendant herein and, at all times mentioned herein, were acting within the scope and course of said agency, employment, representation or joint venture with knowledge, permission and consent of all other named Defendants and/or otherwise responsible parties.

6. Plaintiff is informed and believes and thereon alleges that Defendant PINON, at all times herein relevant, was an employee, authorized agent and/or representative of Defendant HANFORD and was acting within the course and scope of such employment, agency and/or representation at all times herein relevant.

7. The facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

8. This Court has jurisdiction over this matter as this is a civil action arising from an incident that occurred in Clark County, Nevada involving a resident plaintiff and defendant, and involves an amount in controversy in excess of the sum of $15,000.00, exclusive of costs and interest.

## GENERAL FACTUAL ALLEGATIONS

9.  That, at all times mentioned herein, Plaintiff was the operator of a 2013 Chrysler.

10. That, upon information and belief, at all times mentioned herein, Defendant PINON was operating a 2016 Freightliner tractor pulling a trailer (hereinafter referred to as the "truck and trailer") owned and/or controlled by Defendant HANFORD.

11. That on January 7, 2019, Defendant PINON, who was traveling southbound on I-15 near Russell Road on-ramp, negligently operated the truck and trailer and failed to use due care by, among other things, failing to maintain his lane, failing to maintain a proper lookout, making an unsafe lane change, disregarding a traffic control device, failing to yield the right of way, and otherwise operating the truck and trailer in a careless manner, thereby resulting in Defendant PINON crashing into Plaintiff's vehicle.

12. That Defendant PINON negligently caused the subject collision involving Plaintiff.

13. Plaintiff is informed and believes and thereon alleges that Defendant PINON, at all times herein relevant, was acting within the course and scope of his employment, agency and/or representation with Defendant HANFORD.

14. That as a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries to, including, but not limited to, his neck, back, shoulders, legs, psyche, bodily limbs, organs and systems, all or some of which conditions are permanent and disabling, and all to Plaintiff's damage in a sum in excess of $75,000.00.

15. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to, and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

16. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION
### (Negligence, Respondeat Superior, Negligence Per Se)

17. Plaintiff incorporates paragraphs 1 through 16 of the Complaint as though said paragraphs were fully set forth herein.

18. Defendant PINON owed Plaintiff a duty of care to operate the truck in a reasonable and safe manner.

19. Defendant PINON breached that duty of care by negligently causing the subject collision with Plaintiff's vehicle on the roadway, thereby rendering him liable for causing the subject collision and Plaintiff's resulting damages.

20. The acts of Defendant PINON as described herein violated statutes, laws, regulations and ordinances including, but not limited to, those of the State of Nevada and City of Las Vegas, including, but not limited to, Nevada Revised Statute ("NRS") 484B.223, NRS 484B.300, Clark County Municipal Code ("CCMC") 14.28.090, 14.32.040, 14.060.190, Las Vegas Municipal Code ("LVMC") 11.22.010, 11.22.020, and Federal Motor Carrier Safety Regulations ("FMCSR"), including FMCSR 392.2. Plaintiff is within the class of persons intended to be protected by the statutes, laws, regulations and ordinances that were violated by Defendant PINON, and the injuries suffered by Plaintiff were the type against which such statutes, laws, regulations and ordinances were intended to protect, thereby rendering Defendant PINON liable for the subject collision and Plaintiff's resulting damages based on negligence per se.

21.   Upon information and belief, at all times relevant herein, Defendant PINON was an employee, representative and/or authorized agent of Defendant HANFORD, and was acting within the course and scope of such employment, representation and/or agency. Defendant HANFORD is liable for the negligent acts of its employees, representatives and/or agents, including Defendant PINON, under the doctrine of vicarious liability/respondeat superior, thereby rendering Defendant HANFORD vicariously liable for Defendant PINON's acts and omissions surrounding the subject collision and Plaintiff's resulting damages.

22.   As a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $75,000.00.

23.   That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**SECOND CAUSE OF ACTION**
*(Negligent Entrustment)*

24.   Plaintiff incorporates paragraphs 1 through 23 of the Complaint as though said paragraphs were fully set forth herein.

25.   Defendant HANFORD, at all times relevant herein, owned and controlled the truck that Defendant PINON was operating at the time of the subject collision and had the right to control said truck.

26.   Defendant HANFORD negligently entrusted the use and possession of the truck to Defendant PINON.

27. Defendant PINON subsequently failed to drive safely and obey statutes, laws, regulations and ordinances of the State of Nevada and City of Las Vegas when operating the truck at the time of the subject collision and at all other times relevant thereto.

28. Defendant HANFORD owed Plaintiff a duty of ordinary care to entrust the use and possession of the truck to a careful driver who was competent to operate said truck.

29. Defendant HANFORD subsequently breached the duty of ordinary care by negligently entrusting the use and possession of the truck to Defendant PINON.

30. As a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $75,000.00.

31. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### THIRD CAUSE OF ACTION
### *(Negligent Hiring)*

32. Plaintiff incorporates paragraphs 1 through 31 of the Complaint as though said paragraphs were fully set forth herein.

33. Defendant HANFORD owed Plaintiff several duties including, but not limited to, the following:

    a. The duty to keep Plaintiff safe from the negligent acts of its employees, agents and representatives;

    b. The duty to provide and hire responsible employees, agents and representatives;

    c. The duty to implement adequate policies and procedures for hiring employees, agents and representatives; and

///

d.  The duty to conduct reasonable investigations into the backgrounds of its employees, agents and representatives.

34.  Upon information and belief, Defendant HANFORD breached these duties by, among other things:

a.  Hiring individuals, including Defendant PINON, who were not qualified and/or competent for their positions;

b.  Failing to conduct a reasonable and thorough investigation into the personal background and employment history of its employees, agents and representatives, including Defendant PINON; and

c.  Failing to implement adequate policies and/or procedures for hiring employees, agents and representatives, including Defendant PINON.

35.  That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $75,000.00.

36.  That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FOURTH CAUSE OF ACTION
### (*Negligent Training and Supervision*)

37.  Plaintiff incorporates paragraphs 1 through 36 of the Complaint as though said paragraphs were fully set forth herein.

38.  Defendant HANFORD owed Plaintiff the duty to exercise reasonable care in the training and supervision of any and all employees, agents and representatives.  This duty required Defendant HANFORD to train and supervise employees, agents and representatives,

including Defendant PINON, to ensure that these employees, agents and representatives acted without negligence.

39. Defendant HANFORD breached this duty when it failed to properly train and supervise employees, agents and representatives, including Defendant PINON, whose negligence caused injury to Plaintiff as alleged herein. If Defendant HANFORD had properly trained and supervised employees, agents and representatives, including Defendant PINON, this negligence would not have occurred.

40. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $75,000.00.

41. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FIFTH CAUSE OF ACTION
*(Negligent Retention)*

42. Plaintiff incorporates paragraphs 1 through 41 of the Complaint as though said paragraphs were fully set forth herein.

43. Defendant HANFORD owed Plaintiff the duty to exercise reasonable care in the retention of employees, agents and representatives.

44. Upon information and belief, Defendant HANFORD breached this duty when it negligently retained employees, agents and representatives, including Defendant PINON, even though it knew, or should have known, that these employees, agents and representatives lacked the qualifications and/or competence for their position.

45. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $75,000.00.

46. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BRIAN LOUGEE, expressly reserving the right to amend this complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $75,000.00;

2. For special damages sustained by Plaintiff in an amount in excess of $75,000.00;

3. For reasonable attorney's fees and costs;

4. For interest at the statutory rate; and

5. For such other relief as the Court deems just and proper.

DATED this 23rd day of December, 2020.

NAQVI INJURY LAW

By:   */s/ Paul G. Albright*
FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
9500 W. Flamingo Road, Suite 104
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*

Electronically Filed
12/23/2020 1:18 PM
Steven D. Grierson
CLERK OF THE COURT



1  **IAFD**
FARHAN R. NAQVI
2  Nevada Bar No. 8589
PAUL G. ALBRIGHT
3  Nevada Bar No. 14159
4  NAQVI INJURY LAW
9500 W. Flamingo Road, Suite 104
5  Las Vegas, Nevada 89147
Telephone: (702) 553-1000
6  Facsimile: (702) 553-1002
7  naqvi@naqvilaw.com
paul@naqvilaw.com
8  *Attorneys for Plaintiff*

CASE NO: A-20-826918-C
Department 30

9
10                                    **DISTRICT COURT**

11                              **CLARK COUNTY, NEVADA**

12  BRIAN LOUGEE, individually,            Case No.:
                                          Dept. No.:
13              Plaintiff,
      vs.
14                                        **INITIAL APPEARANCE FEE**
15  JESUS PINON, individually; HANFORD    **DISCLOSURE STATEMENT**
    COMMODITIES TRANSPORT, INC. d/b/a
16  HTC, INC.; and DOES 1 to 100, ROE
    CORPORATIONS 1 to 100, inclusive,
17
              Defendants.
18

19  / / /

20  / / /

21  / / /

22

23

24

25

26

27

28

                            Page 1 of 2

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

BRIAN LOUGEE, Plaintiff                                          $270.00

TOTAL:                                                          $270.00

DATED this 23rd day of December, 2020

NAQVI INJURY LAW

By: /s/ Paul G. Albright
FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
9500 W. Flamingo Road, Suite 104
Las Vegas, Nevada 89147
*Counsel for Plaintiff*

Electronically Filed
12/24/2020 6:00 AM
Steven D. Grierson
CLERK OF THE COURT

1  **DMJT**
   Farhan R. Naqvi
2  Nevada Bar No. 8589
   Paul G. Albright
3  Nevada Bar No. 14159
4  NAQVI INJURY LAW
   9500 W. Flamingo Road, Suite 104
5  Las Vegas, Nevada 89147
   Telephone: (702) 553-1000
6  Facsimile: (702) 553-1002
7  naqvi@naqvilaw.com
   paul@naqvilaw.com
8  *Attorneys for Plaintiff*

9
                          **DISTRICT COURT**
10
                     **CLARK COUNTY, NEVADA**
11

12  BRIAN LOUGEE, individually,              Case No.:  A-20-826918-C
                                             Dept. No.: XXX
13                  Plaintiff,
      vs.                                    **DEMAND FOR JURY TRIAL**
14
15  JESUS PINON, individually; HANFORD
    COMMODITIES TRANSPORT, INC. d/b/a
16  HTC, INC.; and DOES 1 to 100, ROE
    CORPORATIONS 1 to 100, inclusive,
17
                    Defendants.
18

19  ///

20  ///

21  ///

22

23

24

25

26

27

28

1    COMES NOW, Plaintiff BRIAN LOUGEE, by and through his attorneys of record,

2    FARHAN R. NAQVI and PAUL G. ALBRIGHT of NAQVI INJURY LAW, and hereby

3    demands a jury trial of all of the issues in the above matter

4    DATED this 24ᵗʰ day of December, 2020

5

6                                            NAQVI INJURY LAW

7    By:    /s/ Paul G. Albright
                FARHAN R. NAQVI
8               Nevada Bar No. 8589
                PAUL G. ALBRIGHT
9               Nevada Bar No. 14159
                9500 W. Flamingo Road, Suite 104
10              Las Vegas, Nevada 89147
11              *Counsel for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B



January 13, 2020

**VIA CERTIFIED MAIL**

KARI POTTER
NATIONWIDE MUTUAL INSURANCE COMPANY
P.O. Box 182067 Dept. 3011
Columbus, Ohio 43218

Re:  **Our Client:**              **Brian C. Lougee**
     **Your Insured Driver:**     **Jesus S. Zavala Pinon**
     **Your Insured:**            **Hanford Commodities, LLC.**
     **Date of Incident:**        **January 7, 2019**
     **Claim #:**                 **434925-GI**

## CATASTROPHIC INJURY SETTLEMENT DEMAND
### **Time-Sensitive**
(For Settlement Purposes Only)

Dear Ms. Potter:

This law firm represents Brian C. Lougee for injuries he sustained in a motor vehicle collision that occurred on January 7, 2019 as the result of the negligence of your insured driver, Jesus S. Zavala Pinon. The collision inflicted injuries upon Brian, **including lumbar spinal injuries requiring invasive surgical intervention and which resulted in the loss of gainful employment,** in addition to pain and suffering. He now seeks fair compensation for his losses arising from the subject collision. This correspondence shall serve as Brian's settlement demand.

**CONTENTS ON FLASHDRIVE**

1. Traffic Crash Report
2. Property Damage Photographs
3. Itemized Medical Bills & Records
4. Surgical Scarring Photographs
5. Wage Loss




KARI POTTER
NATIONWIDE MUTUAL INSURANCE COMPANY
January 13, 2020
Page 2 of 10

## LIABILITY

On January 7, 2019, Brian was traveling southbound on Interstate 15 north of the offramp for eastbound Interstate 215 in Las Vegas, Clark County, Nevada. Brian was traveling in L2 of the two southbound express lanes. Your insured driver, Jesus Zavala Pinon, operating a 2016 Freightliner semi-tractor trailer with loaded attachment, was traveling in the southbound L1 express lane to the left and slightly behind Brian. The L1 express lane merges into L2 to become a single express lane north of the West Russell Road onramp. Conditions were clear and there were no visual obstructions.

As Brian proceeded with the right of way, however, Jesus *failed to obey his traffic controls* and was *negligent in his duty to pay adequate attention* to surrounding traffic. He merged into adjacent traffic, striking the left rear of Brian's sedan at approximately 60 miles per hour. Brian was not expecting the collision and the force of impact rotated his vehicle counterclockwise to crash into the front of your insured's semi. Brian was violently battered about the interior as his vehicle ricocheted repeatedly between the semi, trailer attachment, and concrete median before coming to rest 100 feet from point of impact. The sedan was later **declared a total loss.** *(See Photographs).*

Pursuant to traffic rules and regulations, **your insured had a duty to obey his traffic control device and yield right-of-way** to the adjacent traffic. As the trusted employee of your company, Jesus bears the additional obligation to operate his semi-tractor trailer in a manner that ensures the safety of not only himself but all other motorists, cyclists, and pedestrians sharing the road with him. It is unreasonable to place any liability on a driver who was following traffic regulations and exercising due care. Due to your insured's actions, he was **cited by the Nevada Highway Patrol** for failure to obey a traffic device. *(See State of Nevada Traffic Accident Report).*

Furthermore, there is no evidence to support your insured's assertion that our client "was intoxicated". Perhaps the most striking aspect of the lack of any such evidence is that there is no indication that the responding Highway Patrol Trooper had any concerns that our client was intoxicated or any evidence that any field sobriety test or other law enforcement action was taken for alleged intoxication. Clearly, if such signs were present and observable by your insured, the Trooper would have likewise noticed and taken the appropriate actions given the serious nature of driving under the influence. In addition, your insured's written statement to law enforcement indicating that "do (sic) to my condition can't right (sic)" would call into question his credibility in making any such claim. Therefore, **Jesus Zavala Pinion is 100% liable** for the subject collision and Brian's resultant injuries and suffering.

Kari Potter
Nationwide Mutual Insurance Company
January 13, 2020
Page 3 of 10

## PROPERTY DAMAGE PHOTOGRAPHS





KARI POTTER
NATIONWIDE MUTUAL INSURANCE COMPANY
January 13, 2020
Page 4 of 10

## MEDICAL SUMMARY

Brian presented to *Southwest Medical Associates* with complaints of neck, back, bilateral shoulder and leg pain. Providers diagnosed *dorsalgia and elevated blood pressure secondary to motor vehicle collision. (See ICD-10 Codes).* When his symptoms began to worsen to severe (**7 out of 10**) levels and Brian had difficulty sleeping due to the pain, he presented to *Family Doctors of Green Valley* for additional treatment. Brian reported his symptoms were affecting his ability to complete household chores or basic activities, and were having a severe impact on the physically demanding duties of his position as a Merchandiser with Anderson Dairy. Doctors diagnosed multiple spinal injuries and issued referrals for imaging.

He concurrently presented to *Jackson Physical Therapy* and established a conservative treatment plan to alleviate his complaints. When MRI testing with *SimonMed Imaging* confirmed *cervical herniations impressing on the spinal cord with spinal stenosis and neuroforaminal narrowing,* his medical doctors issued referrals to orthopedic and pain management specialists. Pursuant to orders, Brian reported to *Pain Institute of Nevada*, where he received medications and underwent multiple rounds of **cervical and lumbar facet joint injections and selective nerve root blocks**. Regrettably, Brian reported only temporary, partial relief of his pain symptoms. EMG testing with *Las Vegas Neurosurgery, Orthopaedics, & Rehab* confirmed *lumbosacral radiculopathy and other neuropathies*, and Brian reported his radiating pain, numbness, and tingling continued to affect his ability to sit, stand, or perform activities for more than 10 minutes at a time. Discographic testing with *Las Vegas Radiology* confirmed *multiple Grade 5 annular fissures and cranial migration at the L4-L5 and L5-S1 levels.*

When Brian's symptoms failed to resolve despite multiple medications, conservative therapies, and surgical injections, orthopedic specialists at several facilities recommended **L4-L5 and L5-S1 anterior posterior reconstruction/arthrodesis with microdecompression and hardware**. Surgeons performed the procedure at *Summerlin Hospital Medical Center* on July 9th, 2019. Brian tolerated the surgery well and returned to his physical therapies when recommended by his pain management and orthopedic providers.

Despite a history of chronic neck and back pain, Brian had his symptoms well-managed with chiropractic care to a baseline that did not interfere with his personal or professional activities. Brian was never seen by, or recommended to see, a pain management doctor or surgeon for his occasional pain prior to the subject collision. Although he underwent an invasive surgical procedure to correct his significant spinal injuries, Brian continues to experience pain and physical limitations that severely impact his quality of life. Brian continues to treat as of the date of this demand.

KARI POTTER
NATIONWIDE MUTUAL INSURANCE COMPANY
January 13, 2020
Page 5 of 10

## ICD-10 CODES

| Client Name: Lougee, Brian | Gender: Male | Birthdate: 10/14/0975 |
|---|---|---|
| Height: 5'11" | Weight: 266lbs | Dominant Hand: Right |

| Provider | # of visits | Date of Last TX | Complaint | Prognosis | Diagnosis | ICD |
|---|---|---|---|---|---|---|
| Southwest Medical Associates | 1 | 01/08/2019 | Back pain | Complaint/Further treatment required | Driver injured, MVC<br>Elevated blood pressure<br><br>Dorsalgia | V89.2XXA<br>R03.0<br><br>M54.9 |
| Family Doctors of Green Valley | 8 | 06/21/2019 | Headaches<br><br>Neck pain<br><br><br>Shoulder pain<br><br>Back pain<br><br><br><br><br><br><br>Sleeplessness/ Anxiety | Complaint/Further treatment required<br>Complaint/Further treatment required<br><br>Complaint/Further treatment required<br>Complaint/Further treatment required<br><br><br><br><br>Complaint/Further treatment required | Driver injured, MVC<br>Headache<br>Cervicalgia<br>Muscle spasms<br>Herniation, cervical<br>Myositis<br>Acute pain, injury<br>Dorsalgia<br>Thoracalgia<br>Lumbalgia<br>IVD displacement, lumbar<br>Chronic pain, injury<br>Insomnia<br>Mixed disorder reaction to stress | V89.2XXA<br>R51<br>M54.2<br>M62.838<br>M50.20<br>M60.9<br>G89.11<br>M54.9<br>M54.5<br>M54.6<br>M51.26<br><br>G89.21<br>G47<br>F43 |
| Jackson Physical Therapy | 48 | 10/24/2019 | Neck pain<br><br>Back pain | Complaint/Further treatment required<br>Complaint/Further treatment required | Cervicalgia<br>Sprain, cervical<br>Thoracalgia<br>Sprain, thoracic<br>Lumbalgia<br>Sprain, lumbar<br>IVD disorder, lumbosacral | M54.2<br>S13.4XXA<br>M54.6<br>S23.3XXA<br>M54.5<br>S33.5XXA<br>M51.27 |
| Pain Institute of Nevada | 14 | 12/03/2019 | Neck pain<br><br><br><br><br><br>Back pain | Complaint/Further treatment required<br><br><br><br><br><br>Complaint/Further treatment required | Driver injured, MVC<br>Muscle spasms<br>Discopathy, high cervical<br>Discopathy, mid-cervical<br>Spondylosis, cervical<br>Discopathy, lumbar<br>Discopathy w/ radiculopathy – lumbar<br>Discopathy, lumbosacral<br>Discopathy w/ radiculopathy – lumbosacral<br>Pain, acute post-operative<br>Neuralgia | V89.2XXA<br>M62.838<br>M50.21<br><br>M50.22<br><br>M47.812<br>M51.26<br>M51.16<br><br>M51.27<br><br>M51.17<br><br>G89.18<br><br>M79.2 |

KARI POTTER
NATIONWIDE MUTUAL INSURANCE COMPANY
January 13, 2020
Page 6 of 10

| | | | | | | |
|---|---|---|---|---|---|---|
| **Las Vegas Neurosurgery, Orthopedics, & Rehab** | 11 | 11/04/2019 | Neck pain<br><br>Back pain | **Complaint/Further treatment required**<br>**Complaint/Further treatment required** | Strain, cervical<br>Cervicalgia<br>Strain, thoracic<br>Thoracalgia<br>Strain, lumbar<br>Lumbalgia | S16.1XXA<br>M54.2<br>S29.012A<br>M54.6<br>S39.012A<br>M54.5 |
| **Desert Orthopedic Center** | 1 | 05/29/2019 | Back pain | **Complaint/Further treatment required** | Lumbalgia<br>Radiculitis, lumbar<br>Disc disorder, L5-S1 | M54.5<br>M54.16<br>M51.86 |
| **Las Vegas Neurosurgical Institute** | 1 | 06/26/2019 | Neck pain<br><br>Back pain | **Complaint/Further treatment required**<br>**Complaint/Further treatment required** | Cervicalgia<br><br>Lumbalgia<br>Radiculopathy, lumbar | M54.2<br><br>M54.5<br>M54.16 |

## TESTING

| Test Type | Test result | Ordering Physician | Facility | DOS |
|---|---|---|---|---|
| X-ray – cervical | *Positive for straightening of cervical lordosis* | Mark Donnelly, D.O. | Southwest Medical Associates | 01/08/2019 |
| X-ray – lumbar | *Positive for multilevel facet arthropathy* | Mark Donnelly, D.O. | Southwest Medical Associates | 01/08/2019 |
| MRI – cervical | *Positive for C2-C3 herniation with facet hypertrophy, anterior impression on the spinal cord, central canal stenosis, and left foraminal stenosis*<br><br>*Positive for C4-C5 disc herniation with central canal and bilateral foraminal stenosis*<br><br>*Positive for C5-C6 herniation superimposed on disc bulge extending past osteophytes, flattening of the right spinal cord, central canal stenosis, right lateral recess stenosis, and moderate-to-severe bilateral foraminal stenosis*<br><br>*Positive for C6-C7 disc herniation superimposed on disc bulge extending past osteophytes, increased T2 signal consistent with acute herniation, anterior impression on spinal cord, moderate canal stenosis and bilateral foraminal stenosis* | Albert Or, PA | SimonMed Imaging | 02/13/2019 |
| MRI – lumbar | *Positive for L3-L4 disc bulge with facet hypertrophy and bilateral foraminal stenosis*<br><br>*Positive for L4-L5 and L5-S1 disc herniation with material extending past osteophytes, facet hypertrophy, central canal stenosis and left foraminal stenosis* | Albert Or, PA | SimonMed Imaging | 02/13/2019 |

KARI POTTER
NATIONWIDE MUTUAL INSURANCE COMPANY
January 13, 2020
Page 7 of **10**

| | | | | |
|---|---|---|---|---|
| CT/discogram – lumbar | *Positive for subchondral sclerosis and vacuum phenomenon in sacroiliac joints*<br><br>*Positive for L2 altered morphology secondary to anterior superior endplate compression deformity*<br><br>*Positive for L3-L4 right annular fissure and Grade 5 annular fissure*<br><br>*Positive for L4-L5 multiple Grade 5 annular fissures*<br><br>*Positive for L5-S1 multiple Grade 5 annular fissures with cranial migration* | Katherine Travnicek, M.D. | Las Vegas Radiology | 05/30/2019 |
| MRI – lumbar | *Positive for multilevel disc space height narrowing and spondylosis*<br><br>*Positive for L3-L4 disc protrusion with annular fissure and marked bilateral facet hypertrophic changes, marked bilateral neuroforaminal stenosis*<br><br>*Positive for L4-L5 marked bilateral facet hypertrophic changes, central disc bulge, and right neuroforaminal stenosis*<br><br>*Positive for L5-S1 marked bilateral facet hypertrophic change and central protrusion* | Mark Kabins, M.D. | Las Vegas Radiology | 11/18/2019 |

## MEDICATIONS

| Prescribed Medications | Prescribing Physician | Duration | Last Date Mentioned |
|---|---|---|---|
| Cyclobenzaprine, 10mg | Mark Donnelly, D.O. & Albert Or, PA | 3 days | 03/27/2019 |
| Prednisone, 20mg | Mark Donnelly, D.O. | 5 days | 01/08/2019 |
| Naprosyn, 500mg | Albert Or, PA | 30 days | 03/27/2019 |
| Tramadol, 50mg | Albert Or, PA | 30 days | 02/06/2019 |
| Robaxin, 500mg | Selena Henderson, NP | 30 days | 05/29/2019 |
| Gabapentin, 300mg | Katherine Travnicek, M.D. | As needed | 09/03/2019 |
| Percocet 5-325mg/7.5-325mg | Katherine Travnicek, M.D. | As needed | 09/03/2019 |
| Medrol Dosepak, 4mg | Katherine Travnicek, M.D. | 7 days | 05/21/2019 |
| Celebrex, 200mg | Katherine Travnicek, M.D. | As needed | 05/21/2019 |
| Clonidine, 0.1mg | Katherine Travnicek, M.D. | As needed | 09/03/2019 |
| Duloxetine, 20mg/30mg | Katherine Travnicek, M.D. | As needed | 12/24/2019 |
| Tizanidine, 20mg | Katherine Travnicek, M.D. | As needed | 12/24/19 |

## PROCEDURES

| Procedure | Operating Physician | Facility | Date of Service |
|---|---|---|---|
| **Bilateral C3-C4 and C4-C5 facet joint injections** | Katherine Travnicek, M.D. | Valley View Surgery Center | 04/11/2019 |
| **Bilateral L4 and L5 lumbar selective nerve root block** | Katherine Travnicek, M.D. | Valley View Surgery Center | 04/11/2019 |
| **L3-L4, L4-L5, and L5-S1 discography** | Katherine Travnicek, M.D. | Valley View Surgery Center | 05/30/2019 |
| **Bilateral C5 and C6 cervical selective nerve root block** | Katherine Travnicek, M.D. | Valley View Surgery Center | 06/29/2019 |
| **L4-L5 and L5-S1 anterior posterior lumbar fusion/arthrodesis with microdecompression and hardware** | Mark Kabins, M.D. | Summerlin Hospital Medical Center | 07/09/2019 |

## MEDICAL EXPENSES PRESENTED

Below are the medical bills incurred to date as a direct result of the subject motor vehicle collision:

| | MEDICAL PROVIDER | AMOUNT |
|---|---|---|
| 1. | Southwest Medical Associates | $ 714.00 |
| 2. | Family Doctors of Green Valley | $ 3,423.00 |
| 3. | Jackson Physical Therapy | $ 12,280.00 |
| 4. | SimonMed Imaging | $ 5,107.20 |
| 5. | Las Vegas Neurosurgery, Orthopaedics & Rehab | $ 98,682.00 |
| 6. | Pain Institute of Nevada | $32,600.00 |
| 7. | Valley View Surgery / West Las Vegas Surgery Center | $ 33,251.30 |
| 8. | Desert Orthopaedic Center | $ 1,125.00 |
| 9. | Las Vegas Radiology | $ 2,750.00 |
| 10. | Las Vegas Neurosurgical Institute | $ 1,000.00 |
| 11. | Neuromonitoring | $ 31,578.00 |
| 12. | Monitoring Associates | $24,060.00 |
| 13. | Summerlin Hospital Medical Center | $ 484,347.00 |
| 14. | Durable Medical Equipment | $ 210.00 |
| 15. | General Vascular Specialists | $ 4,260.00 |
| 16. | Dr. Witold Iglikowski | $ 1,100.00 |
| 17. | PBS Anesthesia | $ 8,850.00 |
| 18. | Partell West Phamarcy | $ 2,899.65 |
| | **TOTAL MEDICAL EXPENSES PRESENTED:** | **$748,237.15** |

Kari Potter
Nationwide Mutual Insurance Company
January 13, 2020
Page 9 of 10

## WAGE LOSS

As a Merchandiser with Anderson Dairy, Brian earned a base rate of $22.72 an hour. Due to his injuries from the subject collision, Brian could no longer perform the physically-demanding duties of the position, which included; lifting heavy gallons and boxes, stocking merchandise on shelves of varying heights, and pushing or pulling heavy crates and boxes. Brian was placed on short-term disability as of May 18, 2019 but was *ultimately let go from his position on August 16, 2019 due to his continuing limitations*. Brian's total wage claim for the subject collision is **$30,899.20**. *(See Wage Loss Documentation)*.

**TOTAL WAGE CLAIM:** *34 weeks x $22.72* = **$30,899.20**

## CONCLUSION AND DEMAND

The carelessness of your trusted driver has inflicted life-altering and catastrophic injuries upon Brian, including physical and emotional damage to such a degree that he will never be the same.

As a long-time merchandiser with Anderson Dairy, Brian was a physically fit husband and father who enjoyed taking his boys to sporting events and working out when not at work. The family loved traveling together. However, when Jesus Zavala Pinion failed to obey his traffic control device and recklessly merged on a heavily-trafficked freeway in a major metropolitan area, *he irrevocably changed Brian's life*, and the lives of those who loved him, forever.

Despite diligently following doctors' orders, Brian found no relief from his relentless pain, forcing him to undergo a major invasive lumbar surgery. For the sake of his family's financial stability, Brian continued to work under duress up until the surgery but was let go from his position when it was clear he would no longer be able to perform as expected. The financial costs of the surgery further burdened his family at a time when they were suddenly dependent upon a single income. Brian became severely depressed and emotionally distraught over the continuing hardships, creating additional and unfortunate strain on his relationship with his family members. Though he tries to remain positive, every day is now a struggle as he attempts to deal with the continuing pain and rebuild his life from the shattered remnants the thoughtlessness of your insured left behind.

KARI POTTER
NATIONWIDE MUTUAL INSURANCE COMPANY
January 13, 2020
Page 10 of 10

It is obvious that Brian sustained serious injuries and hardships due to the negligence of your insured driver.  In light of the above, **please contact our firm by close of business February 12, 2020 to discuss resolution of this matter.**

Thank you for your consideration, and I look forward to hearing from you.

Sincerely,

Farhan R. Naqvi
FRN:tf