

1  FARHAN R. NAQVI
   Nevada Bar No. 8589
2  PAUL G. ALBRIGHT
   Nevada Bar No. 14159
3  NAQVI INJURY LAW
   9500 West Flamingo Road, Suite 104
4  Las Vegas, Nevada 89147
   Telephone: (702) 553-1000
5  Facsimile: (702) 553-1002
   naqvi@naqvilaw.com
6  paul@naqvilaw.com
   *Attorneys for Plaintiff*
7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11  BRIAN LOUGEE, individually,              Case No.: 2:21-cv-00097-APG-BNW

12              Plaintiff,                    **STIPULATION AND ORDER TO**
                                              **EXTEND DISCOVERY**
       vs.
13                                            **(FIRST REQUEST)**
    JESUS PINON, individually; HANFORD
14  COMMODITIES TRANSPORT, INC. d/b/a
    HTC, INC.; and DOES 1 to 100, ROE
15  CORPORATIONS 1 to 100, inclusive,

16              Defendants.

17

18        IT IS HEREBY STIPULATED by and between Plaintiff BRIAN LOUGEE, by and

19  through his attorneys of record, NAQVI INJURY LAW, and Defendants, JESUS PINON AND

20  HANFORD COMMODITIES TRANSPORT, INC., by and through their attorneys of record,

21  THORNDAL, ARMSTRONG, DELK, BALKENBUSH & EISINGER and hereby stipulate to
22
    continue discovery in this action.  This is the first stipulation to extend time to take discovery.
23

24  **I.    STATEMENT OF DISCOVERY COMPLETED:**

25        The following discovery has been completed by the parties:

26  / / /

27  / / /

28

                              Page 1 of 4

| 1. | Plaintiff has served his initial and one supplemental NRCP 26 disclosure. |
|---|---|
| 2. | Defendants have served their initial NRCP 26 disclosure. |
| 3. | Defendant Jesus Pinon has served plaintiff with his first set of interrogatories and requests for production of documents. |
| 4. | Plaintiff has responded to Jesus Pinon's first set of interrogatories and requests for production of documents. |

## II. DISCOVERY REMAINING TO BE COMPLETED

The following discovery remains to be completed:

| 1. | Additional written discovery by the parties. |
|---|---|
| 2. | Depositions of the parties. |
| 3. | Obtaining plaintiff's medical records with authorizations. |
| 4. | Obtaining plaintiff's employment records with authorizations |
| 5. | Depositions of treating physicians. |
| 6. | Any third-party witness depositions. |
| 7. | FRCP 35 exam of plaintiff. |
| 8. | Possible vocational rehabilitation exam of plaintiff. |
| 9. | Any additional discovery the parties may deem necessary. |

## III. REASONS WHY REMAINING DISCOVERY CANNOT BE COMPLETED WITHIN THE TIME SET BY PRIOR DISCOVERY PLAN

Good cause exists to continue the discovery deadlines. Defendants have been attempting

to locate a physician to conduct an FRCP 35 exam. They had one selected, but a conflict check

found plaintiff had seen one of the other physicians in the same practice as the physician

defendants had selected. Defendants need additional time to find a physician in the specified

field (spine orthopedics) that has the expertise to conduct the exam and the ability to conduct the

exam in the near future. The state court put a moratorium on Rule 35 exams except in

exceptional circumstances. This caused a backlog of the limited orthopedic examiners to be able

to conduct exams.  Some orthopedic examiners are already scheduling into 2022.  Because of the extent of plaintiff's alleged damages, defendants want to be sure they get the correct examiner to perform the exam.  Despite past efforts, this cannot be done before the current May 31, 2021 expert disclosure deadline.

Defendants also want to independently obtain all of plaintiff's medical records.  They just recently received the releases and need time to obtain the records so they can be provided to the examiner as part of his or her overall evaluation.

Other discovery can be affected by the examiner's opinions.  For example, if the examiner agrees with plaintiff's treating physicians as to causation and the type of injuries, defendants may not need to depose plaintiff's treating physicians.  Defendants do not want to undertake the time and expense of unnecessary discovery, so the delay in the exam impacts what other discovery may be necessary.

/ / /

/ / /

/ / /

## IV.  PROPOSED DISCOVERY SCHEDULE

| *CURRENT* SCHEDULE FOR COMPLETING DISCOVERY: | *PROPOSED* SCHEDULE FOR COMPLETING DISCOVERY: |
|---|---|
| **Close of Discovery:** July 28, 2021 | **Close of Discovery:** November 29, 2021 |
| **Motions to amend pleadings/add parties:** April 29, 2021 | **Motions to amend pleadings/add parties:** Closed |
| **Initial Expert Disclosures:** May 31, 2021 | **Initial Expert Disclosures:** September 30, 2021 |
| **Rebuttal Expert Disclosures:** June 30, 2021 | **Rebuttal Expert Disclosures:** November 1, 2021 |
| **Dispositive Motions:** August 27, 2021 | **Dispositive Motions:** December 29, 2021 |

## ORDER

Before the Court is the parties' stipulation to extend the deadlines in the scheduling order. ECF No. 15.  The parties seek a 4-month extension.  As good cause, they offer that the physician they had selected for the Rule 35 exam had a potential conflict of interest.  As such, the parties must find a different physician in the field of spine orthopedics.  Further, the parties represent that "the state court put a moratorium on Rule 35 exams except in exceptional circumstances," but they do not explain why or how this state court order bears on examinations for cases in federal court and under the Federal Rules of Civil Procedure.  Further, defendants state that they only recently received plaintiff's authorization to independently obtain plaintiff's medical records.

IT IS ORDERED that the parties' stipulation is GRANTED in part and DENIED in part. The Court finds that the parties have not established good cause for a 4-month extension.  Instead, the Court will permit a 2-month extension of the DPSO deadlines. If--during this extended discovery period--the parties realize that they require additional time, they may file another stipulation.  However, the Court's consideration of another extension will focus heavily on the parties' discovery efforts between today's date and the date the parties stipulate or move for an additional extension.  IT IS THEREFORE ORDERED that the following deadlines shall control: discovery closes on 9/28/2021; initial expert disclosures are due 7/31/2021; rebuttal expert disclosures are due 8/30/2021; dispositive motions are due 10/27/2021; and the parties' joint pretrial order is due 11/27/2021, except that if any party files a dispositive motion, then the pretrial order is due 30 days after the district judge resolves all dispositive motions. If any of these deadlines falls on a nonjudicial day, then the deadline is extended up to and including the following judicial day.     **IT IS SO ORDERED**

**DATED:** 3:57 pm, May 11, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**